IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TANA S. CUTCLIFF, et al. | | |
| | Plaintiffs, | |
| vs. | | Case No. 13-02038-drd |
| | | Reference from 2:06-cv-04123-NKL |
| NATHAN P. REUTER, et al. | | |
| | Defendants. | |

**PROPOSED
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT**

This case is before the Court by referral from the District Court to finalize an existing

interlocutory judgment against defendant Vertical Group, LLC ("Vertical Group") and to

conduct post-judgment proceedings in which Plaintiffs are expected to seek execution against

assets of the Kathleen S. Reuter Revocable Trust.[1] This matter is presently before the Court on

Plaintiffs' Motion For In Camera Award of Damages and Attorneys' Fees (the "Motion"). For all

the reasons set forth below, the Court respectfully recommends that the District Court grant the

Motion and enter Final Judgment as set forth below.

**I.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**A.  Procedural Background**

1.      There are two defendants in this case: Vertical Group and Nathan P. Reuter

("Reuter").

---

[1] In a related bankruptcy by co-defendant Nathan P. Reuter, the Court has ruled that the bankruptcy estate has an

interest in the Kathleen S. Reuter Revocable Trust.

2.      On May 21, 2007, the District Court granted an interlocutory default judgment against Vertical Group, and on July 18, 2007, a corresponding Clerk's Judgment was entered (the "Vertical Group Judgment").

3.      Due to the subsequent filing of a bankruptcy petition by Reuter, the District Court statistically closed this case on October 16, 2007, prior to fixing Plaintiffs' damages and without entering any final judgment against Vertical Group.

4.      On January 15, 2013, the District Court granted Plaintiffs' motion to reopen this case for further proceedings on the Vertical Group Judgment, including a determination of damages and the entry of a final judgment.[2]

5.      On August 25, 2013, this Court determined in the bankruptcy case of Nathan P. Reuter that the automatic stay in that case does not preclude Plaintiffs from proceeding on the instant Motion.

**B.  Legal Standard for Proof of Damages**

6.      The Court takes as true all facts alleged in the Complaint, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001); *citing Thomson v. Wooster*, 114 U.S. 104, 111, 5 S.Ct. 788, 29 L.Ed. 105 (1885); 10A Wright & Miller, Federal Practice And Procedure § 2688 (3d ed.1998).

7.      The Court may fix damages "by taking evidence when necessary or by computation from facts of record." *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008), *citing Pope v. United States*, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944).

---

[2] The claims against Reuter were finally litigated in an adversary proceeding in his bankruptcy.

8.      Where the damages are capable of being computed on the basis of facts of record, no evidentiary hearing is required to determine the issue of damages. *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988). The Court need only make an adequate record of the basis for its determination. *See Stephenson* at 917.

### C.  Determination of Actual Damages

9.      In the Motion, Plaintiff Reitz expressly abandons Count XIV, which was a claim unique to Reitz for consequential losses on stock warrants.

10.      Each remaining claim included in the Vertical Group Judgment seeks to recover the same investment losses under various legal theories.[3]

11.      The Court finds and concludes that each Plaintiff has suffered a single indivisible injury and is entitled to a single recovery as a result of his or her investment loss. *See Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1021 (8th Cir. 2008).

12.      Each Plaintiff has submitted an affidavit in support of the Motion. The Court has examined those affidavits and finds each affidavit to be competent and credible evidence of the amounts invested and lost by each Plaintiff.

---

[3] Count III is by Cutcliff, J.Fields, T.Fields, P.Reitz, and Schippers for violation of Section 5 of the Federal Securities Act; Count IV is by all plaintiffs for violation of the Missouri Securities Act of 2003; Count V is by all plaintiffs for breach of fiduciary duty; Count VI is by Cutcliff, J.Fields, T.Fields, Haeflinger, P.Reitz, Schippers, and Teegarden for negligent hiring; Count VII is by all plaintiffs for negligent hiring and retention; Count VIII is by all plaintiffs for negligent supervision; Count IX is by all plaintiffs for violation of the Missouri Merchandising Practices Act; and Count X is by all plaintiffs for fraudulent inducement.

13.     The Court finds and concludes that Plaintiffs have proved the following actual

damages on the claims included in the Vertical Group Judgment:

     A.     LaDonna Henderson, as Trustee for the LaDonna S. Henderson Living

Trust, has actual damages in the amount of $292,728.

     B.     Michael Trom has actual damages in the amount of $175,000.

     C.     James A. "Tony" Fields has actual damages in the amount of $100,000.

     D.     James D. "Jim" Fields has actual damages in the amount of $50,000.

     E.     Patricia Reitz, as Trustee for the Frances L. Reitz Trust, has actual

damages in the amount of $50,000.

     F.     James Haeflinger has actual damages in the amount of $100,000.

     G.     Tana Cutcliff has actual damages in the amount of $50,000.

     H.     Terry Schippers has actual damages in the amount of $50,000.

     I.     James Teegarden has actual damages in the amount of $50,000.

### D.  Interest on Count IV (Missouri Securities Act)

14.     This Court presided over an adversary proceeding in the bankruptcy case of

Nathan P. Reuter during which, pursuant to Mo. Rev. Stat. § 409.5-509(b)(1), each Plaintiff

tendered the securities that are the subject of the Missouri Securities Act claims included in the

Vertical Group Judgment (Count IV).

15.     Pursuant to Mo. Rev. Stat. § 409.5-509(b)(1)&(3), on Count IV each Plaintiff is

entitled to interest at the rate of 8% per year from the date of purchase to the date of the Clerk's

Judgment. The record is sufficient to allow the Court to compute the interest due, which is as

follows:

- 4 -

| Plaintiff | Base Amount[4] | Date of Purchase[5] | Period of Interest Accrual at 8% | Interest Through 7/18/2007[6] |
|---|---|---|---|---|
| LaDonna Henderson | $292,728 | 2/1/2005 | 897 days or 2.458 years | $57,551.13 |
| Michael Trom | $175,000 | 11/4/2004 | 986 days or 2.701 years | $37,819.18 |
| James A. "Tony" Fields | $100,000 | 2/28/2005 | 870 days or 2.384 years | $19,068.49 |
| James D. "Jim" Fields | $50,000 | 2/28/2005 | 870 days or 2.384 years | $9,534.25 |
| Patricia Reitz | $50,000 | 2/28/2005 | 870 days or 2.384 years | $9,534.25 |
| James Haeflinger | $100,000 | 2/8/2005 | 890 days or 2.438 years | $19,506.85 |
| Tana Cutcliff | $50,000 | 2/18/2005 | 880 days or 2.411 years | $9,643.84 |
| Terry Schippers | $50,000 | 3/4/2005 | 866 days or 2.373 years | $9,490.41 |
| James Teegarden | $50,000 | 2/2/2005 | 896 days or 2.455 years | $9,819.18 |

### E.  Punitive Damages

16.     On the following counts included in the Vertical Group Judgment, each Plaintiff

is entitled to an award of punitive damages: Count V (breach of fiduciary duty); Count VII

(negligent hiring/retention); Count VIII (negligent supervision); Count IX (Missouri

Merchandising Practices Act);  and Count X (fraudulent inducement). In addition, on Count VI

(negligent hiring), the following Plaintiffs are entitled to an award of punitive damages: Cutcliff,

J.Fields, T.Fields, Haeflinger, P.Reitz, Schippers, and Teegarden.

---

[4] These are the amounts of the Plaintiffs' investment losses, as determined above in paragraph 13.

[5] These are the dates of purchase alleged in the First Amended Complaint, which are taken as true as a result of the

entry of a default judgment. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).

[6] This is the date of the Clerk's Judgment.

17.     Because the Plaintiffs' punitive damages claims arises under state law, the Court's award of punitive damages is governed by state law. *See Davis v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 906 F.2d 1206, 1223 (8th Cir. 1990).

18.     Missouri law expressly allows punitive damage awards of up to five times the net amount of the judgment awarded to a plaintiff, and Missouri law does not preclude punitive damage awards that exceed a 5:1 ratio. *Heckadon v. CFS Enterprises, Inc.*, 400 S.W.3d 372, 385 (Mo. Ct. App. 2013), reh'g and/or transfer denied (Apr. 30, 2013).

19.     Under Missouri law, the reprehensibility of defendant's conduct is the most important consideration in determining a punitive damage award. *Heckadon*, 400 S.W.3d at 382. The Court may consider whether: (1) the harm was physical as opposed to economic; (2) the conduct evinced indifference to health or safety of others; (3) the target of the conduct was financially vulnerable; (4) the conduct involved repeated actions or was an isolated incident; or (5) the harm was the result of intentional malice, trickery, or deceit, or mere accident. *Id.*

20.     Applying this standard, the Court finds and concludes that Plaintiffs were financially vulnerable; that Vertical Group's conduct involved repeated actions; that the harm to Plaintiffs was the result of intentional malice, trickery, and deceit; and that the conduct of Vertical Group was especially reprehensible.

21.     Under the circumstances, the Court finds and concludes that an appropriate award of punitive damages in this case is an amount twice the actual damages (for a total damage award of treble damages).

**F. Attorneys' Fees**

22.     All Plaintiffs are entitled to an award of attorneys' fees on their claims under the

Missouri Securities Act (Count IV) and also on their claims under the Missouri Merchandising

Practices Act (Count IX). In addition, the following Plaintiffs are entitled to an award of

attorneys' fees on their claims under the Federal Securities Act (Count III): Cutcliff, J.Fields,

T.Fields, P.Reitz, and Schippers.

23.     The attorneys' fees awarded in this case are, at least initially, based on the lodestar

amount—a reasonable hourly rate times the hours actually expended. The Court is then to

consider the numerous factors specified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d

714 (5th Cir. 1974).

24.     In support of their request for an award of attorneys' fees, Plaintiffs have

submitted an affidavit from counsel. Attached to the affidavit are detailed time records from the

period June 16, 2006, through and including October 15, 2007. The total attorney time claimed is

183.1 hours. The Court has examined the affidavit and time records and finds that 183.1 hours is

not an unreasonable expenditure of time and that this time was not expended on tasks that were

unnecessary.

25.     The Court finds and concludes that the $250 hourly rate assigned to Mr. Brown's

efforts is reasonable and will apply it to the request.

26.     The Court finds and concludes that the $180 hourly rate assigned to Ms.

Davenport's efforts is reasonable and will apply it to the request.

27.     The resulting calculated value for reasonable attorneys' fees is $44,921, which is

the amount requested by Plaintiffs.

28.     The Court finds and concludes that a consideration of the numerous *Johnson* factors also justifies an award of $44,921 .

29.     Five Plaintiffs had hourly fee agreements that required them, as a group, to share hourly legal fees in proportion to the recovery that they were seeking, whereas the remaining four Plaintiffs had contingent fee agreements that required them to pay a contingent legal fee of 40% of their individual recoveries.

30.     Plaintiffs have proposed a method to allocate an award of attorneys' fees among themselves that takes into account their differing fee agreements. The Court has reviewed the method and finds it to be a reasonable method to allocate the attorneys' fee award in this case. Specifically, Plaintiffs request that the award be allocated as follows:

| Plaintiff | Attorney Fee Award |
| --- | --- |
| LaDonna Henderson | $13,975.42 |
| Michael Trom | $8,152.33 |
| James A. "Tony" Fields | $4,658.47 |
| James D. "Jim" Fields | $2,329.24 |
| Patricia Reitz | $2,329.24 |
| James Haeflinger | $5,390.52 |
| Tana Cutcliff | $2,695.26 |
| Terry Schippers | $2,695.26 |
| James Teegarden | $2,695.26 |

31.     Because there is no obvious method to allocate a fee award among Plaintiffs with differing fee agreements, the Court finds and concludes that it is reasonable to allocate the fee award in this case as requested by Plaintiffs.

- 8 -

### G.  Conclusion

In summary, the Court finds and concludes that Plaintiffs are entitled to judgment against

Vertical Group as follows:

| Plaintiff | Actual Damages | Interest (Mo. Sec. Act.) | Punitive Damages | Attorney Fee Award |
|---|---|---|---|---|
| LaDonna Henderson | $292,728 | $57,551.13 | $585,456 | $13,975.42 |
| Michael Trom | $175,000 | $37,819.18 | $350,000 | $8,152.33 |
| James A. "Tony" Fields | $100,000 | $19,068.49 | $200,000 | $4,658.47 |
| James D. "Jim" Fields | $50,000 | $9,534.25 | $100,000 | $2,329.24 |
| Patricia Reitz | $50,000 | $9,534.25 | $100,000 | $2,329.24 |
| James Haeflinger | $100,000 | $19,506.85 | $200,000 | $5,390.52 |
| Tana Cutcliff | $50,000 | $9,643.84 | $100,000 | $2,695.26 |
| Terry Schippers | $50,000 | $9,490.41 | $100,000 | $2,695.26 |
| James Teegarden | $50,000 | $9,819.18 | $100,000 | $2,695.26 |

### II.  PROPOSED FINAL JUDGMENT

The Court respectfully recommends that the District Court enter a Final Judgment against

Vertical Group as follows.

### FINAL JUDGMENT

IT IS ORDERED AND ADJUDGED:  Judgment is hereby entered in favor of Plaintiffs

and against Defendant Vertical Group, LLC as follows:

To Plaintiff LaDonna Henderson for actual damages in the amount of $292,728, punitive

damages in the amount of $585,456, interest in the amount of $57,551.13, and an award of

attorneys' fees in the amount of $13,975.42.

- 9 -

To Plaintiff Michael Trom for actual damages in the amount of $175,000, punitive damages in the amount of $350,000, interest in the amount of $37,819.18, and an award of attorneys' fees in the amount of $8,152.33.

To Plaintiff James A. "Tony" Fields for actual damages in the amount of $100,000, punitive damages in the amount of $200,000, interest in the amount of $19,068.49, and an award of attorneys' fees in the amount of $4,658.47.

To Plaintiff James D. "Jim" Fields for actual damages in the amount of $50,000, punitive damages in the amount of $100,00, interest in the amount of $9,534.25, and an award of attorneys' fees in the amount of $2,329.24.

To Plaintiff Patricia Reitz for actual damages in the amount of $50,000, punitive damages in the amount of $100,000, interest in the amount of $9,534.25, and an award of attorneys' fees in the amount of $2,329.24.

To Plaintiff James Haeflinger for actual damages in the amount of $100,000, punitive damages in the amount of $200,000, interest in the amount of $19,506.85, and an award of attorneys' fees in the amount of $5,390.52.

To Plaintiff Tana Cutcliff for actual damages in the amount of $50,000, punitive damages in the amount of $100,000, interest in the amount of $9,643.84, and an award of attorneys' fees in the amount of $2,695.26.

To Plaintiff Terry Schippers for actual damages in the amount of $50,000, punitive damages in the amount of $100,000, interest in the amount of $9,490.41, and an award of attorneys' fees in the amount of $2,695.26.

To Plaintiff James Teegarden for actual damages in the amount of $50,000, punitive damages in the amount of $100,000, interest in the amount of $9,819.18, and an award of attorneys' fees in the amount of $2,695.26.

Dated:  October 10, 2013                    /s/ Dennis R. Dow
                                            THE HONORABLE DENNIS R. DOW
                                            UNITED STATES BANKRUPTCY JUDGE