# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

TANA S. CUTCLIFF, et al., )
)
    Plaintiffs, )
)
    v. ) Case No. 2:06-cv-04123-NKL
)
NATHAN P. REUTER, et al., )
)
    Defendants. )

## ORDER

Plaintiffs' Motion for Order Awarding Damages and Attorneys' Fees [Doc. # 83] was referred to Bankruptcy Judge Dennis Dow. He has now submitted Proposed Findings of Fact and Law. After a *de novo* review of the record, the Court concludes that Judge Dow's proposed findings [Doc. # 87] should be adopted and a default judgment should be entered against Vertical Group, LLC.

## I.    Background

Plaintiffs sued Vertical Group, LLC for fraud arising out of a Ponzi scheme. Nathan Reuter was a co-defendant and Katherine Reuter is an intervenor. After Vertical Group failed to defend, the Court entered default against it. [Doc. # 52]. In the meantime, Nathan Reuter filed for bankruptcy and a judgment was entered against him by Judge Dow. Subsequently Plaintiff filed its Motion for Order Awarding Damages and Attorneys' Fees [Doc. # 83] against Vertical Group. The motion was referred to Judge Dow because of his familiarity with the dispute. Nathan and Kathleen Reuter have filed

objections to Judge Dow's proposed findings and to any entry of final judgment against Vertical Group [Docs. ## 84, 85, 88, 89, 92].

II. **Discussion**

   A. **Referral to Judge Dow of Issues Relating to Vertical Group**

Co-Defendants Nathan and Kathleen Reuter argue the Bankruptcy Court lacks subject matter jurisdiction under 42 U.S.C. § 1334(b) to enter findings of fact, conclusions of law, and a final judgment against Vertical Group. [Docs. ## 84, 85, 88, 92]. Because Judge Dow is not entering any judgment against Vertical Group, the Reuters' objection to his subject matter jurisdiction is without merit. It is this Court that has subject matter jurisdiction and must make a *de novo* review of the record before entering any default judgment against Vertical Group.

   B. **Entry of Clerk's Judgment**

Nathan Reuter first argues the Court erred in entering a default judgment against Vertical Group under Federal Rules of Civil Procedure Rule 55(b)(1) because that rule only applies when a sum certain is owed and the amount is clear on the face of the complaint. Mr. Reuter's argument fails because the Court clearly intended its order of May 21, 2007 (Doc. # 45), to be an entry of default against Vertical Group and not an order assessing damages. Even though the term default judgment was used, the order does not reference damages and only mentions Vertical Group's lack of interest in defending. The Clerk's Judgment (Doc. # 52) is merely a formal recognition of this entry of default. Therefore, no judgment, either under Rule 55(b)(1) or (2), has been entered previously. There has only been an entry of default which precludes Vertical Group from

2

denying the facts contained in the Complaint which are necessary to establish liability. It is for this reason that Plaintiffs' submitted a Motion for Damages and Attorney Fees and it is the purpose of this Order to assess damages and award attorney fees pursuant to Rule 55(b)(2).

### C. Vertical Group's Classification as a Partnership

Nathan and Kathleen Reuter argue final judgment against Vertical Group is barred by claim preclusion and judicial estoppel because Vertical Group has been classified as a "partnership" by both the Bankruptcy Appellate Panel for the Eighth Circuit and the Eighth Circuit Court of Appeals. The Reuters argue that because Vertical Group is a "partnership," it is not regarded as a separate legal entity and cannot be sued for the actions of its individual partners, Daryl Woods and Nathan Reuter. [Docs. ## 88, 89]. The Reuters also contend Daryl Woods and Nathan Reuter sometimes operated as a partnership separate from and outside of Vertical Group, and that therefore, "Vertical could not have been the vehicle by which Brown and [Reuter] perpetrated the Ponzi Scheme." [Doc. #88, at p. 6]. The Reuters' arguments on behalf of Vertical Group come too late. To what extent Vertical Group is liable for the acts of Daryl Woods and Nathan Reuter and to what extent Daryl Woods and Nathan Reuter acted outside or inside the confines of Vertical Group are all arguments Vertical Group could have raised before an entry of default was entered against it. Those are all liability arguments which it lost when it failed to defend itself.

Further, to the extent the Reuters argue Daryl Woods or Nathan Reuter have been held liable for portions of the wrongdoing, this argument is not relevant to and does not

3

preclude default judgment against Vertical Group. At most, these arguments are relevant to subsequent questions of joint and several liability and contribution claims.

      D.    **Calculation of Damages**

"When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). "'It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 915-16 (8th Cir. 2008) (quoting *Pope v. United States,* 323 U.S. 1, 12 (1944)). "The need for a hearing is within the sound discretion of the district court under [Rule] 55(b)(2)(B)" and a hearing is not needed where the record sufficiently supports the district court's damages award. *Stephenson*, 524 F.3d at 916.

Having reviewed the record *de novo,* the Court will take as true the facts alleged in Plaintiffs' Complaint except for facts relating to damages. The Court has also considered Plaintiffs' sworn affidavits. The Court finds Plaintiffs' affidavits credible and sufficient to determine damages against Vertical Group. Neither Nathan nor Kathleen Reuter contests the credibility of these affidavits.

Kathleen Reuter objects to any punitive damages being assessed against Vertical Group because only the actions of Nathan Reuter and Daryl Brown might justify punitive damages – not any action by Vertical Group. [Doc. # 88]. Under Missouri law, a court

4

may only award punitive damages against a defaulting defendant upon the plaintiff producing substantial evidence that demonstrates that imposition of punitive damages is warranted under the factors set forth by the Supreme Court in *BMW of North America v. Gore*, 517 U.S. 559 (1996). *Duvall v. Maxey*, 249 S.W.3d 216, 223-24 (Mo. Ct. App. 2008). Taking the facts of the Amended Complaint as true, Vertical Group lured small businesses into a bait-and-switch investment relationship, whereby it defrauded and stole money from corporations, individuals, and trusts using a "Ponzi" scheme. The Court agrees with Judge Dow's finding that punitive damages against Vertical are appropriate here and finds that Judge Dow's 2:1 punitive damage ratio is not excessive. Plaintiffs were financially vulnerable and Vertical Group engaged in repeated, reprehensible conduct that subjected Plaintiffs to intentional malice, trickery, and deceit. The fact that Brown and Reuter engaged in this conduct does not preclude the entry of punitive damages against Vertical Group.

For these reasons, the Court adopts Judge Dow's proposed Findings of Fact and Conclusions of Law.

    **E.**    **Plaintiffs' Interest in Kathleen Reuter's Trust and Nathan Reuter's Liability for Vertical Group**

Nathan Reuter argues that Judge Dow's proposed findings of fact suggest that should Plaintiffs become judgment creditors of Vertical Group, the Plaintiffs will be holders of an interest in Kathleen Reuter's trust, of which Nathan Reuter is a co-trustee. Nathan Reuter seeks to clarify that the Bankruptcy Court has found that the trusts contain spendthrift clauses and that the bankruptcy estate's interest in Kathleen Reuter's trust is

5

confined to the bankruptcy trustee's right to act as a co-trustee. Kathleen Reuter also contends Plaintiffs have failed to articulate a reasonable legal claim as to how Nathan Reuter may be personally liable for a judgment against Vertical Group is not relevant to entering a judgment against Vertical Group.

These arguments may be relevant to questions of joint and several liability or in the event Plaintiffs seek a creditor's bill against Nathan Reuter, but neither of these arguments are relevant to whether a final default judgment should be entered against Vertical Group. They are not appropriately addressed at this stage of litigation.

### III. Conclusion and Final Judgment

The Court has reviewed *de novo* Plaintiffs' claims for damages. Finding Nathan and Kathleen Reuter's objections without merit, the Court adopts the proposed findings of fact and conclusions of law submitted by Judge Dow and enters final judgment against Vertical Group, LLC as follows:

| Plaintiff | Actual Damages | Interest | Punitive Damages | Attorney Fee Award | Total |
|---|---|---|---|---|---|
| LaDonna Henderson | $292,728.00 | $57,551.13 | $585,456.00 | $13,975.42 | $949,710.55 |
| Michael Trom | $175,000.00 | $37,819.18 | $350,000.00 | $8,152.33 | $570,971.51 |
| James A. "Tony" Fields | $100,000.00 | $19,068.49 | $200,000.00 | $4,658.47 | $323,726.96 |
| James D. "Jim" Fields | $50,000.00 | $9,534.25 | $100,000.00 | $2,329.24 | $161,863.49 |
| Patricia Reitz | $50,000.00 | $9,534.25 | $100,000.00 | $2,329.24 | $161,863.49 |
| James Haeflinger | $100,000.00 | $19,506.85 | $200,000.00 | $5,390.52 | $324,897.37 |
| Tana Cutcliff | $50,000.00 | $9,643.84 | $100,000.00 | $2,695.26 | $162,339.10 |

| Terry Schippers | $50,000.00 | $9,490.41 | $100,000.00 | $2,695.26 | $162,185.67 |
| James Teegarden | $50,000.00 | $9,819.18 | $100,000.00 | $2,695.26 | $162,514.44 |

                                                      s/ Nanette K. Laughrey
                                                      NANETTE K. LAUGHREY
Dated: January 21, 2014             United States District Judge
Jefferson City, Missouri