# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TANA S. CUTCLIFF, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-04123-NKL |
| ) | |
| NATHAN P. REUTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court is Plaintiffs' Motion to Withdraw Reference to the Bankruptcy Judge [Doc. 106]. For the following reasons, the motion is granted.

**I.  Background**

Plaintiffs originally filed suit in 2006, alleging that Defendant Nathan Reuter and his business partners, together comprising Defendant Vertical Group, LLC, operated a Ponzi scheme that defrauded the Plaintiffs out of hundreds of thousands of dollars. Vertical Group failed to participate in the litigation and the Court entered default against it [Doc. 52]. Meanwhile, Nathan Reuter filed a Chapter 11 bankruptcy petition, later converted to a Chapter 7 proceeding, and the Plaintiffs' suit against him was statistically closed pending resolution of the bankruptcy case [Doc. 64]. The Plaintiffs asserted claims as creditors in Nathan Reuter's bankruptcy and received judgment from Bankruptcy Judge Dennis R. Dow for actual and punitive damages, an outcome ultimately upheld on appeal by the Eighth Circuit. *In re Reuter*, 686 F.3d 511 (8th Cir. 2012). Judge Dow also determined that Nathan Reuter's interest in a trust he shared with his

1

wife, Kathleen (the "Kathleen Trust") was part of the bankruptcy estate. The bankruptcy court entered its final decree and closed Nathan Reuter's bankruptcy case on November 11, 2014.

In November 2012, before the bankruptcy case closed, the Plaintiffs asked the Court to refer their claims against Vertical Group to Judge Dow for the purpose of "determin[ing] the amount of damages awarded Plaintiff[s] on the Vertical Group judgment and grant[ing] post-judgment execution." [Doc. 78, p. 2]. The Plaintiffs argued that Judge Dow should exercise "related to" jurisdiction over the matter pursuant to 28 U.S.C. § 1334(b) because they sought to satisfy their judgment against Vertical Group from the Kathleen Trust. Kathleen Reuter intervened at this point as a necessary party [Doc. 76]. The Court agreed that the bankruptcy court could exercise "related to" jurisdiction and referred the matter to Judge Dow under 28 U.S.C. § 157(a) [Doc. 78]. In October 2013, Judge Dow submitted proposed findings of fact and conclusions of law which recommended an award of actual damages, punitive damages, and attorneys' fees to the Plaintiffs. The Court adopted this recommendation and entered default judgment against Vertical Group [Doc. 93]. Following Nathan and Kathleen Reuter's appeal, the Eighth Circuit affirmed the Court's referral to Judge Dow and its default judgment entry. *Cutcliff v. Reuter*, 791 F.3d 875 (8th Cir. 2015).

**II.     Discussion**

The Plaintiffs now request that the Court withdraw its earlier reference to Bankruptcy Judge Dow. Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, "[t]he district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added). This provision provides a district court the discretion to withdraw a

case if it believes there is cause to do so. *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 214-15 (8th Cir. 1985) ("[U]nder 28 U.S.C. § 157(d) the district court could have withdrawn this case from the bankruptcy court, despite the earlier general order of referral. Such a withdrawal may be accomplished 'for cause'" and "is generally discretionary.").

Congress did not explain what constitutes "cause" when it enacted 28 U.S.C. § 157. A year after the statute's enactment, the Fifth Circuit addressed the issue in *Holland America Ins. Co. v. Succession of Roy,* 777 F.2d 992 (5th Cir. 1985). It decided that cause "must be based on a sound, articulated foundation." *Holland America*, 777 F.2d at 998. The Fifth Circuit proceeded to list several factors it considered sound, such as "promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *Id*. at 999. Since then, the other circuit courts faced with a discretionary withdrawal under Section 157(d) have largely adopted the *Holland America* factors. *See In Re Pruitt,* 910 F.2d 1160, 1168 (3d Cir. 1990) (quoting and applying the *Holland America* factors); *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 741-42 (11th Cir. 2000) (quoting and applying the *Holland America* factors); *Security Farms v. Int'l Brotherhood of Teamsters et al.*, 124 F.3d 999, 1008 (9th Cir. 1997) (considering and applying the *Holland America* factors); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) (quoting the *Holland America* factors); *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (considering judicial resources and efficient bankruptcy administration).

The only remaining issue in this litigation is the question of post-judgment execution on the Vertical Group default judgment. Even assuming that Judge Dow can still exercise "related to" jurisdiction over that issue, the Court finds it proper under the *Holland America* factors to

3

Case 2:06-cv-04123-NKL   Document 117   Filed 10/28/15   Page 3 of 4

withdraw the reference to him.  Execution on the Vertical Group default judgment will have no effect on the bankruptcy or the bankruptcy estate, and therefore most of the *Holland America* factors are not relevant to this reference dispute.  Further, no one has raised a concern about forum shopping.  Most importantly, it is more efficient to have one court, not two, involved in the execution proceeding.  While Judge Dow has knowledge about the dispute over the Vertical Group assets, so does this Court, which made a de novo review of the record before adopting Judge Dow's Report and Recommendation.  Therefore, the *Holland America* factors support withdrawal of the reference.

**III. Conclusion**

Plaintiffs' Motion to Withdraw Reference to the Bankruptcy Judge [Doc. 106] is GRANTED.  The Parties shall propose a scheduling order to the Court within fourteen (14) days for the execution phase of the Vertical Group litigation.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  October 28, 2015  
Jefferson City, Missouri